HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400
Attorneys for Plaintiff

**07 CV 6443**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
BANCO POPULAR DOMINICANO, C. POR A., :
: CIVIL ACTION
Plaintiff, :
: CIVIL ACTION NO.
-against- :
:
LEVI STRAUSS & CO., : COMPLAINT
:
Defendant. :
:
------------------------------------------------------------ x

*JUDGE SWAIN*

*JUL 16 2007 U.S.D.C. S.D.N.Y. CASHIERS*

    Plaintiff Banco Popular Dominicano, C. Por A. ("Banco Popular" or "Plaintiff"), individually and as bank agent, collateral agent and/or administrative agent for certain financial institutions (collectively with Banco Popular, the "Secured Parties"), under a certain Security Agreement (defined below) between Banco Popular and Interbojos, Ltd.; Interamericana Apparel Company, Inc.; Interamericana Products International (Panama), S.A.; J.B.S., S.A.; Juan Bojos, C. por A.; Bojos Leather, Ltd.; and Bojos Manufacturing Ltd., (collectively, the "Borrowers"), by and through its undersigned attorneys hereby files this Complaint against defendant Levi Strauss & Co. ("Levi"). In support of its Complaint, Plaintiff states as follows:

### Nature Of The Action

    1.    This is a civil action seeking, *inter alia*, (i) a declaratory judgment that Plaintiff has a first-priority, duly-perfected security interest in, and the right to collect, the Borrowers' accounts receivable, including accounts receivable of not less than $2,350,538.48 due to the Borrowers from Levi (the amount due to the Borrowers from Levi on accounts receivable is

hereinafter referred to as the "Receivable") and (ii) judgment in favor of Plaintiff and against Levi for the amount of the Receivable.

### Jurisdiction and Venue

2. This an action for declaratory judgment and further relief being brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal rule of Civil Procedure 57.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, based upon diversity of citizenship of the parties and the amount in controversy, which exceeds $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) in that Levi may be found in this District and is authorized to do business in New York.

### The Parties

5. Banco Popular is a bank organized under the laws of the Dominican Republic.

6. Upon information and belief, Levi is a corporation organized and existing under the laws of Florida with its principal place of business located at 115 Battery Street, San Francisco, California 94111, and is duly authorized to conduct business in the State of New York.

### Background Facts

7. On or about December 22, 2005, the Secured Parties made a loan to the Borrowers of up to $45,000,000.00 (the "Loan") evidenced and governed by certain loan documents by and between the Secured Parties and the Borrowers.

8. As security for repayment of the Loan, Borrowers granted Banco Popular a security interest in certain of their assets, including, *inter alia*, all of the Borrowers' accounts receivable, pursuant to a certain security agreement dated December 22, 2005 (the "Security Agreement," and, together with the other loan documents, the "Loan Documents").

2

9. The Borrowers are not domestic entities and accordingly, Banco Popular duly perfected its security interest pursuant to UCC section 9-307 by filing UCC Financing Statements against each of the Borrowers with the District of Columbia, Recorder of Deeds on or about February 10, 2006.

10. Borrowers defaulted under the terms of the Loan Documents, and are currently indebted to Banco Popular in an amount of not less than $17,000,000.00 on the Loan.

11. The Security Agreement provides that in the event of default, Banco Popular has "full authority . . . to take any action . . . including, without limitation: (i) to ask for, demand, collect, sue for, recover, compromise, receive and give acquittance and receipts for moneys due and to become due under or in respect of any of the Collateral . . . , (ii) to file any claims or take any action or institute any proceedings which [Banco Popular] may deem necessary or desirable for the collection of any of the Collateral . . . ."

12. Levi owes the Borrowers accounts receivable of not less than $2,350,538.48 (previously defined as the "Receivable").

13. Based on the Borrowers' default under the Loan Documents, on or about March 20, 2007, Banco Popular, as secured party and assignee of the Borrowers' accounts receivable, sent letters to Levi, pursuant to UCC sections 9-406 and 9-607, notifying it of the assignment and of Banco Popular's rights and requesting that Levi make payment of the Receivable directly to Banco Popular.

14. Levi has failed and refused to pay the Receivable to Banco Popular.

## COUNT I
### Declaratory Judgment

15. Plaintiff incorporates by reference, as if set forth at length herein, each and every allegation of paragraphs 1 through 14 of this Complaint.

16. Banco Popular has a duly-perfected, first-priority security interest in all of the Borrowers' accounts receivable, including the Receivable.

17. Whatever interest Levi or any other person or entity may have in the Borrowers' accounts receivable or the Receivable, it is subordinate to Banco Popular's rights pursuant to the Security Agreement and applicable law.

18. By reason of the foregoing and pursuant to 28 U.S.C.§§ 2201 and 2202 and Federal rule of Civil Procedure 57, Banco Popular is entitled to a declaratory judgment that its security interest in the Receivable is superior to whatever right, title or interest Levi or any other person or entity may claim therein, and directing that Levi immediately turn over the receivable to Banco Popular.

## COUNT II
### Foreclosure of Security Interest

19. Plaintiff incorporates by reference, as if set forth at length herein, each and every allegation of paragraphs 1 through 18 of this Complaint.

20. By reason of Borrowers' default, Banco Popular has the right to collect the Receivable from Levi.

21. Banco Popular properly notified Levi of the assignment of the Receivable.

22. Despite being notified of the assignment, Levi has failed and refused to pay the Receivable to Banco Popular.

23.     By reason of the foregoing, Levi is liable to Banco Popular for the full amount of the Receivable.

## COUNT III
## Unjust Enrichment

24.     Plaintiff incorporates by reference, as if set forth at length herein, each and every allegation of paragraphs 1 through 23 of this Complaint.

25.     Levi received and accepted delivery of products tendered by the Borrowers and agreed to pay the amount of the Receivable therefor.

26.     Despite being notified of Banco Popular's superior rights in the Receivable, Levi has failed and refused to pay the Receivable to Banco Popular.

27.     Levi benefited from the receipt of products tendered by the Borrowers and has enjoyed that benefit continuously, without making payment on the Receivable.

28.     Levi has been unjustly enriched to Banco Popular's detriment by retaining the benefit of products tendered by the Borrowers without making payment on the Receivable.

29.     By reason of the foregoing, Levi is liable to Banco Popular for the amount of the Receivable.

## COUNT IV
## Injunctive Relief

30.     Plaintiff incorporates by reference, as if set forth at length herein, each and every allegation of paragraphs 1 through 29 of this Complaint.

31.     If Levi is permitted to transfer, distribute, commingle, encumber or otherwise exercise control over the Receivable, and continues to do so, Banco Popular will suffer damage and loss.

32. By reason of the foregoing, Banco Popular is entitled to a judgment and order (i) permanently enjoining Levi, its officers, directors, managers, employees, representatives, affiliates, subsidiaries, successors, assigns, agents, and all those acting in concert with, and on its behalf or under its direction and control, from transferring, selling, pledging, assigning, disposing of, taking any action with respect to the Receivable and (ii) directing Levi to deliver payment on the Receivable to Banco Popular.

### Demand for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

1. On Count One, declaring that Plaintiff's rights to the Borrowers' accounts receivable, including the Receivable, are superior to any right, title or interest of Levi or any other person or entity, and directing that Levi immediately turn over the receivable to Banco Popular;

2. On Counts Two and Three, granting judgment in favor of Plaintiff and against Levi for the amount of the Receivable, plus interest, costs, and such other and further relief as this Court deems just and proper;

3.  On Count Four, permanently enjoining Levi, its officers, directors, managers, employees, representatives, affiliates, subsidiaries, successors, assigns, agents, and all those acting in concert with, and on its behalf or under its direction and control, from transferring, selling, pledging, assigning, disposing of, taking any action with respect to the Receivable and directing Levi to deliver payment on the Receivable to Banco Popular.

Dated: New York, New York
       July 12, 2007

>                     Respectfully submitted,
>
>                     HERRICK, FEINSTEIN LLP
>
>                     _____
>                     Mary Ellen Shuttleworth
>                     2 Park Avenue
>                     New York, New York 10016
>                     Attorneys for Plaintiff