SRA FILE # 848-7001
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BANCO POPULAR DOMINICANO, C. POR A.,

                Plaintiff and
                Counter-Claim Defendant,

-against-

LEVI STRAUSS & CO.,

                Defendant and Third Party Plaintiff,

-against-

INTERAMERICANA APPAREL COMPANY, INC.;
INTERAMERICANA PRODUCTS
INTERNATIONAL, S.A.; QST DOMINICANA LLC;
US PAPER & CHEMICAL; APPAREL
MACHINERY & SUPPLY CO.; YKK SNAP
FASTENERS AMERICA, INC; SOUTHERN
TEXTILE DOMINICANA INC.; INDUSTRIA
CARTONERA DOMINICANA, S.A. (SMURFIT):
THE GRAPHIC LABEL GROUP DOMINICANA,
INC.; AND TAG-IT PACIFIC, INC.,

                Third Party Defendants.
-----------------------------------------------------------------x

**Docket #: 07 Civ. 6443 (LTS) (THK)**

**ANSWER TO THIRD-PARTY COMPLAINT WITH CROSS-CLAIMS**

       Third-Party Defendant, YKK SNAP FASTENERS AMERICA, INC. ("YKK"), by its attorneys, STRONGIN ROTHMAN & ABRAMS, LLP, answering the Third-Party Complaint, states as follows:

       1. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Third-Party Complaint.

       2. Admits each and every allegation contained in paragraph "2" of the Third-Party Complaint.

3. Admits each and every allegation contained in paragraph "3" of the Third-Party Complaint.

4. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Third-Party Complaint.

5. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Third-Party Complaint.

6. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Third-Party Complaint.

7. Denies each and every allegation contained in paragraph "7" of the Third-Party Complaint. However, Third-Party Defendant YKK submits to the jurisdiction of this Court for purposes of this action only.

8. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Third-Party Complaint.

9. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Third-Party Complaint.

10. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Third-Party Complaint.

11. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Third-Party Complaint.

12. Third-Party Defendant YKK does not contest the jurisdiction of this Court.

13. Third-Party Defendant YKK does not contest the venue of this action.

14. Third-Party Defendant refers all questions of law to the court at the trial of this action.

15. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Third-Party Complaint.

16. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Third-Party Complaint.

17. Denies each and every allegation contained in paragraph "17" of the Third-Party Complaint except admits that YKK commenced a proceeding in the Dominican Republic against INTERAMERICANA to recover money that INTERAMERICANA owed and still owes.

18. Third-Party Defendant refers all questions of law to the court at the trial of this action.

19. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Third-Party Complaint.

20. Denies each and every allegation contained in paragraph "20 of the Third-Party Complaint except admits that an action was commenced in this District.

21. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of the Third-Party Complaint.

22. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of the Third-Party Complaint.

23. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of the Third-Party Complaint.

24. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" of the Third-Party Complaint.

**THIRD-PARTY DEFENDANT YKK SNAP FASTENERS AMERICA, INC. ("YKK"), AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS, INTERAMERICANA APPAREL COMPANY, INC.; INTERAMERICANA PRODUCTS INTERNATIONAL, S.A., ALLEGES AS FOLLOWS:**

25. From on or about September 2006 through and including February 2007 third-party defendants YKK and Interamericana entered into a series of sales agreements whereby YKK sold goods to Interamericana.

26. Pursuant to the terms and conditions of the sale YKK shipped or caused to be shipped goods to Interamericana in Santiago, Dominican Republic.

27. The goods were received by Interamericana.

28. YKK invoiced Interamerican for the goods it shipped to Interamericana and that were received by Interamericana.

29. The total amount due from Interamericana is $108,976.70 (USD).

30. YKK has demanded payment from Interamericana.

31. Interamericana has not paid and refused to pay YKK $108,976.70 (USD).

32. YKK has incurred attorney's fees and costs in its efforts to recover from Interamericana the money it owes.

**WHEREFORE,** Third-Party Defendant, YKK SNAP FASTENERS AMERICA, INC., demands judgment in its favor on the Third-Party Complaint, together with attorneys' fees, costs and disbursements. Third-Party Defendant YKK also demands

judgment on its cross-claim against INTERAMERICANA awarding it damages in the sum of $108,976.00 plus interest, costs, and attorneys fees.

Dated:   New York, New York
         October 10, 2007

> Yours, etc.
>
> STRONGIN ROTHMAN & ABRAMS, LLP
>
> HOWARD F. STRONGIN, ESQ.
> Attorneys for Third-Party Defendant
> YKK SNAP FASTENERS AMERICA, INC.
> 50 Broadway, Suite 2003
> New York, NY 10004
> (212) 931-8300

TO:

MARY ELLEN SHUTTLEWORTH, ESQ.
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Attorney for Plaintiff
BANCO POPULAR DOMINICANO, C. POR A.

GREGORY PLOTKO, ESQ.
COOLEY GODWARD KRONISH LLP
114 Avenue of the Americas
New York, NY 10036
Attorney for Defendant and Third Party Plaintiff
LEVI STRAUSS & CO.

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF NEW YORK   )

LYUDMILA TIMOSHENKO, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years, and resides in Middlesex County, New Jersey. That on this 10th day of October, 2007 she served the within **ANSWER TO THIRD-PARTY COMPLAINT WITH CROSS-CLAIMS** upon:

MARY ELLEN SHUTTLEWORTH, ESQ.
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Attorney for Plaintiff
BANCO POPULAR DOMINICANO, C. POR A.

GREGORY PLOTKO, ESQ.
COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, NY 10036
Attorney for Defendant and Third Party Plaintiff
LEVI STRAUSS & CO.

by depositing a true copy of same securely enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Federal Express Office within the State of New York, by Overnight Mail.

_____
LYUDMILA TIMOSHENKO

Sworn to before me this
10th day of October, 2007

_____
NOTARY PUBLIC

HOWARD F. STRONGIN
Notary Public, State of New York
No. 02ST4758421
Qualified in NASSAU County
Commission Expires DECEMBER 31, 20__