UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
Banco Popular Dominicano, C. Por A.,    :

        Plaintiff and                        :
        Counter-Claim Defendant,
                                             :
vs.                                     :

Levi Strauss & Co.,                     :

        Defendant and                        :
        Third Party Plaintiff,      INDEX No. No. 07 Civ. 6443 (LTS) (THK)
                                             :
vs.                                     **ANSWER WITH COUNTERCLAIM**
                                      :  **AND THIRD PARTY COMPLAINT IN**
Interamericana Apparel Company, Inc.;   **INTERPLEADER**
Interamericana Products International, S.A.;
QST Dominicana LLC; US Paper & Chemical;
Apparel Machinery & Supply Co.; YKK Snap
Fasteners America, Inc.; Southern Textile
Dominicana, Inc.; Industria Cartonera
Dominicana, S.A. (Smurfit); The Graphic Label
Group Dominicana, Inc.; and Tag-It Pacific,
Inc.,

        Third Party Defendants.

------------------------------------- X

      Defendant Levi Strauss & Co. ("LS&CO." or "Defendant"), by its counsel Cooley Godward Kronish LLP, as and for its answer to the complaint (the "Complaint") of Plaintiff Banco Popular Dominicano, C. Por A. ("Banco Popular" or "Plaintiff"), states:

      **1.**    The allegations in paragraph 1 of the Complaint are Plaintiff's characterization of the allegations in its complaint to which no response is required; otherwise, Defendant admits that it currently owes $2,325,132.27 in receivables to Interamericana Apparel Company, Inc. and/or Interamericana Products International, S.A., both of which are Dominican Republic companies (collectively, "Interamericana") based on invoices issued by Interamericana and

denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

### Jurisdiction and Venue

2. The allegations set forth in paragraph 2 of the Complaint constitute conclusions of law to which no response is required and as such, the Defendant denies knowledge and information sufficient to form a belief as to the allegations therein.

3. The allegations set forth in paragraph 3 of the Complaint constitute conclusions of law to which no response is required and as such, the Defendant denies knowledge and information sufficient to form a belief as to the allegations therein.

4. The allegations set forth in paragraph 4 of the Complaint constitute conclusions of law to which no response is required and as such, the Defendant denies knowledge and information sufficient to form a belief as to the allegations therein.

### The Parties

5. The Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint.

6. The Defendant admits the allegations contained in paragraph 6 that it is authorized to conduct business in the State of New York with its principal place of business located in San Francisco, California 94111, but denies the allegation that it is a corporation organized and existing under the laws of Florida, but rather Delaware. Defendant further denies the allegation that LS&CO.'s principal place of business is 115 Battery Street, but rather 1155 Battery Street.

### Background Facts

7. The Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint.

**8.** The Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint.

**9.** The Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Complaint.

**10.** The Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Complaint.

**11.** The Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Complaint.

**12.** The Defendant admits that it currently owes $2,325,132.27 in receivables to either Interamericana Apparel Company, Inc., which is one of the several entities that are collectively identified as the "Borrowers" in the Complaint and/or Interamericana Products International, S.A., based on invoices issued by Interamericana.

**13.** The Defendant admits it received a letter from Plaintiff on or about March 20, 2007, but responds that the document referenced in paragraph 13 speaks for itself and otherwise denies knowledge or information sufficient to form a belief as to the allegations set forth therein.

**14.** The Defendant denies the allegations set forth in paragraph 14 of the Complaint, to the extent "failed and refused" to pay Plaintiff implies the Defendant was under some obligation to do so, however, the Defendant admits that it has not rendered any payment to Plaintiff because prior to receiving the Plaintiff's letter the Defendant had received formal *Acto De Oposicion De Pago* ("Payment Embargoes") notices under the laws of the Dominican Republic from six other creditors of Interamericana and under the laws of the Dominican Republic, the Defendant is required to hold such funds or may expose itself to liability to other creditors of Interamericana that served Payment Embargoes upon the Defendant.

## Count I
### Declaratory Judgment

**15.** In response to paragraph 15 of the Complaint, the Defendant restates its answers set forth above to each and every allegation contained in paragraphs 1 through 14 of the Complaint respectively, as if fully set forth herein.

**16.** The Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the Complaint.

**17.** The Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Complaint.

**18.** The Defendant denies the allegations set forth in paragraph 18 of the Complaint to the extent it seeks an order directing the Defendant to immediately turnover the receivable to Banco Popular as the Defendant may expose itself to liability to other creditors of Interamericana that served Payment Embargoes upon the Defendant, and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 18 of the Complaint.

## Count II
### Foreclosure of Security Interest

**19.** In response to paragraph 19 of the Complaint, the Defendant restates its answers set forth above to each and every allegation contained in paragraphs 1 through 18 of the Complaint respectively, as if fully set forth herein.

**20.** The Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the Complaint.

**21.** The Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the Complaint.

**22.**     The Defendant denies the allegations set forth in paragraph 22 of the Complaint, to the extent "failed and refused" to pay the Plaintiff implies the Defendant was under some obligation to do so, however, the Defendant admits that it has not rendered any payment to Plaintiff because prior to receiving the Plaintiff's letter the Defendant had received Payment Embargoes under the laws of the Dominican Republic from six other creditors of Interamericana and under the laws of the Dominican Republic, the Defendant is required to hold such funds or may expose itself to liability to other creditors of Interamericana that served Payment Embargoes upon the Defendant.

**23.**     The Defendant denies the allegations set forth in paragraph 23 of the Complaint.

Count III<br>Unjust Enrichment

**24.**     In response to paragraph 24 of the Complaint, the Defendant restates its answers set forth above to each and every allegation contained in paragraphs 1 through 23 of the Complaint respectively, as if fully set forth herein.

**25.**     The Defendant admits the allegations set forth in paragraph 25 of the Complaint, but denies the allegations to the extent "agreed to pay the amount of the Receivable" implies that such agreement is between the Defendant and the Plaintiff, which it is not.

**26.**     The Defendant denies the allegations set forth in paragraph 26 of the Complaint, to the extent "failed and refused" to pay the Plaintiff implies the Defendant was under some obligation to do so, however, the Defendant admits that it has not rendered any payment to Plaintiff because prior to receiving the Plaintiff's letter the Defendant had received Payment Embargoes under the laws of the Dominican Republic from six other creditors of Interamericana and under the laws of the Dominican Republic, the Defendant is required to hold such funds or may expose itself to liability to other creditors of Interamericana that served Payment Embargoes

upon the Defendant.

**27.**     The Defendant admits the allegations in paragraph 27, however, to the extent the allegations in paragraph 27 state legal conclusions and not facts, no responsive pleading is required.

**28.**     The Defendant denies the allegations in paragraph 28, however, to the extent the allegations in paragraph 28 state legal conclusions and not facts, no responsive pleading is required.

**29.**     The Defendant denies the allegations in paragraph 28, however, to the extent the allegations in paragraph 28 state legal conclusions and not facts, no responsive pleading is required.

Count IV
<u>Injunctive Relief</u>

**30.**     In response to paragraph 30 of the Complaint, the Defendant restates its answers set forth above to each and every allegation contained in paragraphs 1 through 29 of the Complaint respectively, as if fully set forth herein.

**31.**     The Defendant denies the allegations in paragraph 31, however, to the extent the allegations in paragraph 31 state legal conclusions and not facts, no responsive pleading is required.

**32.**     The Defendant denies the allegations in paragraph 28, however, to the extent the allegations in paragraph 32 state legal conclusions and not facts, no responsive pleading is required.

<u>FIRST AFFIRMATIVE DEFENSE</u>

**33.**     The Plaintiff fails to state a claim for relief.

SECOND AFFIRMATIVE DEFENSE

**34.**     The Complaint fails to name a necessary party.

THIRD AFFIRMATIVE DEFENSE

**35.**     The Complaint fails to name a real party in interest.

FOURTH AFFIRMATIVE DEFENSE

**36.**     The Defendant is not permitted to remit payment to the Plaintiff because prior to receiving the Plaintiff's letter and the Complaint the Defendant had received formal Payment Embargoes under the laws of the Dominican Republic from six other creditors of Interamericana and under the laws of the Dominican Republic, the Defendant is required to hold such funds or may expose itself to liability to other creditors of Interamericana that served Payment Embargoes upon the Defendant.

AS AND FOR THE FIRST COUNTERCLAIM
AND THIRD-PARTY COMPLAINT IN INTERPLEADER

LS&CO., as and for its counterclaim ("Counterclaim") against Banco Popular ("Counter-Claim Defendant") and for its complaint ("Third-Party Complaint") against defendants: Interamericana Apparel Company, Inc.; Interamericana Products International, S.A.; QST Dominicana; US Paper and Chemical; Apparel Machinery & Supply Co.; YKK Snap Fasteners America Inc.; Southern Textile Dominicana, Inc.; Industria Cartonera Dominicana, S.A. (Smurfit); The Graphic Label Group, Dominicana, Inc.; and Tag-It Pacific, Inc. (the "Third-Party Defendants", together with Banco Popular, the "Interpleader Defendants") states as follows:

The Parties

**1.**     Upon information and belief, Banco Popular is a bank organized under the laws of the Dominican Republic and is duly authorized to conduct business in the State of New York.

**2.**     Upon information and belief, Interamericana Apparel Company, Inc. is a

corporation organized and existing under the laws of the Dominican Republic which maintains residence in the United States including, but not limited to, 3345 NW, 116th Street, Miami, Florida 33176.

3. Upon information and belief, Interamericana Products International, S.A. is a corporation organized and existing under the laws of the Dominican Republic which maintains residence in the United States including, but not limited to, 3345 NW, 116th Street, Miami, Florida 33176.

4. Upon information and belief, QST Dominicana, LLC is a corporation organized and existing under the laws of the Dominican Republic which maintains residence in the United States including, but not limited to, 525 Monroe Street, Suite 1400, Chicago, Illinois 60661.

5. Upon information and belief, U.S. Paper and Chemical is a corporation organized and existing under the laws of the Dominican Republic which maintains residence in the United States at 206 Mohican Road, Canadensis, Pennsylvania 18325.

6. Upon information and belief, Apparel Machinery & Supply Co. is a corporation organized and existing under the laws of the Dominican Republic which maintains residence in the United States at 1836 East Ontario Street, Philadelphia, Pennsylvania 19134.

7. Upon information and belief, YKK Snap Fasteners America Inc. is a corporation organized and existing under the laws of the Dominican Republic which maintains residence in the United States including, but not limited to, 1850 Parkway Place, Suite 300, Marietta, Georgia 30067-4439.

8. Upon information and belief, Southern Textile Dominicana, Inc. is a corporation organized and existing under the laws of the Dominican Republic which maintains residence in the United States c/o Precision Custom Cutting, 200 Maltese Drive, Totowa, New Jersey 07512.

9.  Upon information and belief, Industria Cartonera Dominicana, S.A. (Smurfit) is a corporation organized and existing under the laws of the Dominican Republic which maintains residence in the United States at 1000 Sawgrass Corporate Parkway, Suite 120, Sunrise, Florida 33323.

10.  Upon information and belief, The Graphic Label Group, Inc. is a corporation organized and existing under the laws of the Dominican Republic which maintains residence in the United States at 201 4th Street, Suite 207, Oakland, California 94607.

11.  Upon information and belief, Tag-It Pacific, Inc., is a corporation under the laws of the State of Delaware which maintains a residence at 21900 Burbank Blvd., Woodland Hills, California 91367.

### Jurisdiction and Venue

12.  This Court has jurisdiction over the subject matter of the claims for relief asserted herein pursuant to 28 U.S.C. §1335 because LS&CO. has in its custody money or property of the value of in excess of $500 to which two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to such money or property.

13.  Venue is proper in this Court pursuant to 28 U.S.C. §1397 because Banco Popular and several other Interpleader Defendants are residents of this district and the Interpleader Defendants, pursuant to 28 U.S.C. §2361, are subject to personal jurisdiction in this district.

### Nature of the Action

14.  This is an action and counterclaim for interpleader under 28 U.S.C. §1335 and for declaratory relief under 28 U.S.C. §2201 et seq.

15.  LS&CO. currently owes Interamericana $2,325,132.27 based on invoices issued by Interamericana.

16.  By letter dated March 20, 2007, LS&CO. received a notice ("Demand Notice") pursuant to the Uniform Commercial Code ("UCC") to pay Counter-Claim Defendant any funds otherwise due to Interamericana, stating it held a UCC security interest and assignment of all the Interamericana accounts receivable pursuant to a security agreement dated as of October 2005, to which LS&CO. is not a party. Counter-Claim Defendant asserted that it is entitled to receive payment instead of Interamericana.

17.  Prior to receiving the Demand Notice from the Counter-Claim Defendant, LS&CO. received Payment Embargoes under the laws of the Dominican Republic from QST Dominicana; US Paper and Chemical; Apparel Machinery & Supply Co.; YKK Snap Fasteners America Inc.; Southern Textile Dominicana, Inc.; Industria Cartonera Dominicana, S.A. (Smurfit); and The Graphic Label Group, Dominicana, Inc.

18.  Under the laws of the Dominican Republic, LS&CO. is required to hold the embargoed funds or may otherwise expose itself to liability to other creditors of Interamericana that served Payment Embargoes upon LS&CO.

19.  By letter dated March 28, 2007, counsel to LS&CO. advised the Counter-Claim Defendant that it had been previously served with the Payment Embargoes.

20.  Notwithstanding LS&CO. advising the Counter-Claim Defendant that it had been served with Payment Embargoes, the Counter-Claim Defendant filed the Complaint in this district naming LS&CO. as the sole defendant.

21.  On or about April 10, 2007, LS&CO. received a Notice of Attachment and Memorandum of Garnishee from Tag-It Pacific, Inc. seeking to levy all funds owed by LS&CO. to Interamericana.

22.  LS&CO. is indifferent with respect to which Interpleader Defendant should

receive all or some portion of the $2,325,132.27 in receivables and claims no interest in such funds, aside from its desire to avoid multiple liability in several jurisdictions for the same dollar amount or some portion thereof owed by LS&CO. to Interamericana.

23.    In connection with this Counterclaim and Third-Party Complaint, LS&CO. will deposit the sum of $2,325,132.27, being the entire amount in dispute which is due and unpaid at this time, with the clerk of this court upon the filing of this Counterclaim and Third-Party Complaint.

24.    LS&CO. has incurred attorneys' fees and costs as a result of these proceedings.

WHEREFORE, LS&CO. prays judgment against the Interpleader Defendants, and each of them, as follows:

1.    That all claims against LS&CO. in this action be dismissed with prejudice.

2.    That the Interpleader Defendants be ordered to interplead and litigate their respective rights to the above-described sum.

3.    That LS&CO. is discharged from any and all liability on account of the claims of each of the Interpleader Defendants.

4.    That LS&CO. be awarded costs and reasonable attorneys' fees to be determined by the court and to be paid out of the money deposited with the court; and

5.    For such other and further relief as the court may deem proper.

Respectfully submitted,

Dated: August 27, 2007

COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Robert E. Eisenbach III (Cal. Bar No. 124896)

-and-

1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000

By: _____
Ronald R. Sussman (RS 0641)
Gregory G. Plotko (GP 9234)

-and-

Levis Strauss & Co.
1155 Battery Street
San Francisco, CA 94111
Tracy M. Preston, Esq. (Cal. Bar No. 154393)

Attorneys for Defendant and Third-Party Plaintiff
Levi Strauss & Co.