IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
BANCO POPULAR DOMINICANO, C. POR A.,           :
                                                :   CIVIL ACTION
         Plaintiff,                       :
                                                :   CIVIL ACTION NO. 07-6443 (LTS)(THK)
  vs.                                          :
                                                :
LEVI STRAUSS & CO.,                             :   **PRELIMINARY**
                                                :   **PRETRIAL STATEMENT**
         Defendant and                    :
         Third Party Plaintiff,           :
                                                :
  vs.                                          :
                                                :
Interamericana Apparel Company, Inc.;           :
Interamericana Products International, S.A.;    :
QST Dominicana LLC; US Paper & Chemical;        :
Apparel Machinery & Supply Co.; YKK Snap        :
Fasteners America, Inc.; Southern Textile       :
Dominicana, Inc.; Industria Cartonera Dominicana,:
S.A. (Smurfit); The Graphic Label Group         :
Dominicana, Inc.; and Tag-It Pacific, Inc.,     :
                                                :
         Third Party Defendants.          :
---------------------------------------------------------------- x

        Plaintiff Banco Popular Dominicano, C. Por A. ("BPD"), by and through its counsel Herrick, Feinstein LLP, defendant / third party plaintiff Levi Strauss & Co. ("LS&CO."), by and through its counsel Cooley Godward Kronish LLP, third party defendant QST Dominicana LLC ("QST"), by and through its counsel Vedder, Price, Kaufman & Kammholz, P.C., and third party defendant YKK Snap Fasteners America, Inc. ("YKK"), by and through its counsel Strongin Rothman & Abrams, LLP, having met and conferred pursuant to Federal Rules of Civil Procedure 16 and 26 and this Court's Initial Conference Order and Revised Initial Conference Order, hereby submit this Preliminary Pretrial Statement.

A.   **NATURE OF THE ACTION**

Simply stated, BPD commenced this action to enforce its security interest in certain amounts due from LS&CO. (defined below as the "Receivable") to Interbojos, Ltd.; Interamericana Apparel Company, Inc.; Interamericana Products International (Panama), S.A.; J.B.S., S.A.; Juan Bojos, C. por A.; Bojos Leather, Ltd.; and Bojos Manufacturing Ltd., (collectively, the "Borrowers"). LS&CO. answered and filed the Interpleader (as defined below) to address an alleged dispute over the priority of the claims of BPD, QST, YKK and other third party defendants.

On or about December 22, 2005, BPD individually and as bank agent, collateral agent and/or administrative agent for certain financial institutions (collectively with BPD, the "Secured Parties"), made a loan to the Borrowers (the "Loan"). As security for repayment of the Loan, the Borrowers granted BPD a security interest in certain of their assets, including, inter alia, all of their accounts receivable, pursuant to a certain security agreement dated December 22, 2005 (the "Security Agreement," and, together with the other loan documents, the "Loan Documents"). BPD duly perfected its security interest filing UCC Financing Statements against each of the Borrowers with the District of Columbia Recorder of Deeds on or about February 10, 2006. The Borrowers defaulted under the payment terms of the Loan Documents, and are currently indebted to BPD in an amount of not less than $17,000,000.00 on the Loan.

LS&CO. asserts that it is indebted to the Borrowers in an amount totaling $2,325,132.27 for goods sold and delivered by the Borrowers to LS&CO. (the amount due to the Borrowers from LS&CO. is hereinafter referred to as the "Receivable"). LS&CO. deposited this amount with this Court as set forth below. However, BPD believes that the amount of the Receivable is actually $2,777,353.73, an assertion which LS&CO. disputes. The parties are working informally to resolve the amount of the Receivable and anticipate that this will be

resolved without the necessity of discovery.

Prior to filing the complaint in this matter and based on the Borrowers' default, BPD notified LS&CO. in writing of Borrowers' default and of BPD's rights in and to the Receivable and requested that LS&CO. make payment of the Receivable directly to BPD. LS&CO. claimed that it had also received notice from the certain of the third party defendants for payment of the Receivable. LS&CO. asserts that it did not pay the Receivable to BPD because it had a reasonable fear that such payment would expose LS&CO. to multiple liability and inconsistent judgments.

BPD brought this action seeking, *inter alia*: (i) a declaratory judgment that it has a first-priority, duly-perfected security interest in, and the right to collect, the Borrowers' accounts receivable, including the Receivable; and (ii) a judgment in favor of BPD and against LS&CO. for the amount of the Receivable.

LS&CO. does not dispute that it owes the Receivable to certain of the Borrowers. Because multiple parties made a claim to the Receivable in both the Dominican Republic and the United States, LS&CO. filed a counterclaim and third-party complaint ("Third Party Complaint") in interpleader (the "Interpleader") and deposited the Receivable with this Court. YKK has answered the Interpleader and claims an interest in the Receivable. QST also claims an interest in the Receivable and has moved to dismiss this action for *forum non conveniens* ("QST's Motion").

Two additional defendants, Southern Textile Dominicana, Inc. ("Southern") and US Paper and Chemical, ("US Paper") have also answered the Interpleader by serving copies of their answer upon LS&CO. and the Court, but have not filed their answer on the Court's docket. From the dates on these answers, it appears that they were served upon the Court after the due

3

dates had passed. Counsel for Southern and US Paper did not participate in the conference among counsel pursuant to Federal Rules of Civil Procedure 16 and 26 and this Court's Initial Conference Order and Revised Initial Conference Order.

B.  **JURISDICTION**

BPD's position is that this Court has subject matter jurisdiction over the Complaint that initiated this matter pursuant to 28 U.S.C. §1332, based upon diversity of citizenship of the parties (BPD and LS&CO.) and the amount in controversy, which exceeds $75,000. BPD is a bank organized under the laws of the Dominican Republic. LS&CO. is a Delaware corporation with its principal place of business in California and is doing business in New York. The amount in controversy is the amount of the Receivable, which is in excess of $2,300,000. The Loan Documents are governed by New York Law.

LS&CO. has alleged in the Interpleader that this Court has subject matter jurisdiction over the Interpleader that initiated this matter pursuant to 28 U.S.C. §1335 and has deposited the Receivable with the Court.

LS&CO.'s position is that this Court has jurisdiction to adjudicate the first stage of the Interpleader to relieve and discharge LS&CO. from the burden and expense of this litigation, including discovery, and award LS&CO. its reasonable attorney's fees and costs. LS&CO. does not take a position on any legal issues pertaining to the litigation after it is discharged and dismissed from this litigation.

QST's position is that this is not the appropriate forum for this case. Although this Court may have subject matter jurisdiction over this case, QST has submitted a motion to dismiss for forum non conveniens—still pending—arguing that the case should be dismissed because all of the events underlying this lawsuit occurred in the Dominican Republic; all parties in interest are citizens of the Dominican Republic and/or are amenable to service in the

Dominican Republic; the Dominican Republic provides an adequate alternative forum; and the Dominican Republic is the most appropriate forum for this matter.

YKK's position is that this action is properly venued in the United States District Court, Southern District of New York.

### C.     MATERIAL UNCONTESTED OR ADMITTED FACTS

The parties are working informally to resolve the amount of the Receivable and anticipate that this will be an uncontested fact.

The parties will also produce documentation setting forth the basis of their lien or other interest in the Receivable and anticipate that these facts will be uncontested.

### D.     LEGAL ISSUES

1.     Whether the action should be dismissed for *forum non conveniens* pursuant to QST's Motion. It is LS&CO.'s position that the issue of a discharge and reasonable attorney's fees should be decided prior to resolution of QST's Motion. It is BPD's position that the issue of whether LS&CO. is entitled to a discharge is premature prior to a resolution of: (i) QST's Motion; and (ii) of the amount of the Receivable.

2.     Whether LS&CO. is entitled to a discharge and reasonable attorney's fees pursuant to 28 U.S.C. §§ 1335 and 2361. LS&CO. intends to approach all parties appearing in this litigation to stipulate to LS&CO.'s discharge and to allow payment of reasonable attorney's fees so that the second stage of the Interpleader action may proceed uninterrupted.

3.     The priority of the parties' claims to the Receivable.

### E.     MATERIAL DISPUTED FACTS

At present, the parties do not anticipate that there will be any material disputed facts. After the parties, other than LS&CO., exchange discovery regarding their claims to the Receivable, the legal issue for the Court will be the priority of the parties' claims. See section **K.**

**Discovery** regarding LS&CO.'s participation in discovery.

F.  **STATEMENT OF THE LEGAL BASIS OF EACH CAUSE OF ACTION ASSERTED**

*BPD's Statement:*

The legal basis of each of BPD's causes of action is its duly perfected, first priority security interest in the Receivable pursuant to Article 9 of the New York Uniform Commercial Code (the "NY UCC"). BPD perfected its security interest by filing UCC Financing Statements against each of the Borrowers with the District of Columbia Recorder of Deeds on or about February 10, 2006. Perfection in the District of Columbia is proper in this matter because the Dominican Republic does not have a system for recording non-possessory security interests in personal property. See NY UCC § 9-307(c). The Dominican Republic recognizes the validity and priority of properly perfected non-possessory security interests in personal property. See, e.g., Articles 2093 to 2095 of the Civil Code of the Dominican Republic.

BPD's security interest is prior to any other interest in the Borrowers' assets, including the Receivable. Based on the Borrowers' default under the Loan Documents, BPD sent letters to LS&CO. notifying it of the default of BPD's rights and requesting that LS&CO. make payment of the Receivable directly to BPD.

*LS&CO.'s Statement:*

It is well-settled law in the Second Circuit that "[n]ormally, an interpleader action is concluded in two stages, the first determining that the requirements of section 1335 are met and relieving the [interpleader] plaintiff stakeholder from liability, and the second adjudicating the adverse claims of the defendant claimants." New York Life Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983). Under 28 U.S.C. § 1335, this Court may hear an interpleader action if (1) the disputed fund is at least $500.00; (2) two or more of the adverse

claimants to the fund are of diverse citizenship; and (3) the stakeholder has deposited the disputed fund into the registry of the Court. When these requirements are satisfied, the Court "may discharge the [interpleader-] plaintiff from further liability." 28 U.S.C. § 2361. All these requirements are satisfied here. First, the Receivable totals in excess of $2.3 million. Second, as alleged in the Third-Party Complaint, at least two of the claimants have diverse citizenship. Third, LS&CO. has deposited the Receivable into the registry of the Court. Accordingly, LS&CO. should be discharged from the present action.

LS&CO. does not take a position with respect to the legal issues in this litigation (including issues regarding proper forum and venue) as the proper time to argue the merits of each party's claims to the Receivable is the second stage of the Interpleader case – after, LS&CO., the innocent stakeholder in this litigation, has been discharged.

### G.   STATEMENT OF THE LEGAL BASIS OF EACH DEFENSE

*QST's Statement*

As stated above, QST's position is that the case should be dismissed in favor of a more convenient forum—The Dominican Republic. If this Court retains the matter, however, QST maintains that it is entitled to payment of a portion of the stake deposited into Court by LS&CO.., in the amount of $931,496.64, because the Courts of The Dominican Republic have issued a judgment in that amount against the Borrowers and LS&CO. in favor of QST. This Dominican Republic judgment is enforceable in this Court under the principles of comity and supercedes all other interests—secured, perfected or otherwise—in the Borrowers' assets.

*YKK's Statement*

YKK and Interamericana entered into a series of sales agreements between September 2006 and February 2007, whereby YKK shipped goods to Interamericana in Santiago, Dominican Republic. It is undisputed that Interamerica received the goods. YKK invoiced

Interamericana for these goods shipped and received in the amount of $108,976.70 (USD). Interamericana has refused to pay YKK the outstanding balance. Therefore, the receivable of $108,976.70 (USD) is still outstanding.

**H.     MEASURE AND BURDEN OF PROOF**

Each of BPD, QST and YKK will bear the burden of proving the extent, validity and priority of its interest in the Receivable.

The measure of proof for BPD will be the documents evidencing its security interest and the perfection thereof.

The measure and burden of proof for QST will be the documents evidencing the judgment in its favor against the Borrowers and LS&CO. from the Courts of The Dominican Republic.

**I.     AMENDMENTS TO PLEADINGS AND ADDITION/SUBTRACTION OF PARTIES**

Based upon this Court's resolution of QST's Motion, QST may need to file an answer to the Interpleader. A deadline of 14 days after the Court files an order resolving QST's Motion is proposed.

LS&CO. is in the process of seeking defaults against those third party defendants that have failed to answer. A deadline of 30 days after the Court files an order resolving QST's Motion is proposed.

**J.     THE PARTIES DO NOT CONSENT TO TRANSFER OF THE CASE TO THE MAGISTRATE**

**K.     DISCOVERY**

QST urges that the Court hold off on setting discovery dates until its pending motion to dismiss for forum non conveniens has been decided. BPD urges the Court to set discovery dates immediately. Should the Court decide to set discovery dates after addressing the

timing issue with counsel at the pretrial conference, the parties have conferred and propose the following:

LS&CO. does not anticipate engaging in discovery beyond any discovery necessary to resolve the amount of the Receivable. The parties are currently working informally to resolve this issue. The deadlines set forth below shall not apply to LS&CO. absent a prior meet and confer conference where a determination is made that LS&CO. shall participate in formal discovery.

*Rule 26 Disclosures:* The parties propose December 20, 2007 as the deadline to exchange the initial disclosures required by Rule 26. [LS&CO. shall not be required to make any disclosures pending the resolution of the amount of the Receivable].

*Interrogatories and Document Production Requests:* The parties propose January 31, 2008 as the deadline to exchange initial discovery requests, with answers due by February 28, 2008.

*Expert Discovery:* The parties have not yet decided whether expert reports will be required. If required, the parties propose March 28, 2008 as the deadline for the production of initial expert reports, with rebuttal reports due by April 30, 2008. The parties propose a deadline of May 20, 2008 for the deposition of experts.

*Discovery Cut-Off Date:* The parties propose May 30, 2008.

*Dispositive Motions:* The parties propose June 13, 2008 as the deadline for dispositive motions.

L.  **SETTLEMENT**

The parties are currently discussing settlement and believe that settlement of this action may be possible.

M. **STATUS OF SERVICE AND APPEARANCE OF ALL THIRD PARTY DEFENDANTS BY LS&CO.**

The following is a summary of the status of service and appearances of all third-party defendants to this Interpleader action by LS&CO.

1. Interamericana Apparel Company, Inc.: LS&CO. properly served a true copy of its summons and notice of pre-trial conference and Third Party Complaint upon Interamericana Apparel Company, Inc. pursuant to the laws of the Dominican Republic on October 24, 2007 and served a copy of the same documents upon Interamericana Apparel Company, Inc.'s counsel in the Dominican Republic.

2. Interamericana Products International, S.A.: LS&CO. properly served a true copy of its summons and notice of pre-trial conference and Third Party Complaint upon Interamericana Products International, S.A. pursuant to the laws of the Dominican Republic on October 24, 2007 and served a copy of the same documents upon Interamericana Products International, S.A.'s counsel in the Dominican Republic.

3. QST Dominicana LLC. LS&CO. properly served a true copy of its summons and notice of pre-trial conference and Third Party Complaint upon QST Dominicana LLC ("QST") on August 29, 2007. QST filed its Motion to Dismiss for Forum Non Conveniens on October 24, 2007.

4. US Paper & Chemical. LS&CO. properly served a true copy of its summons and notice of pre-trial conference and Third Party Complaint upon US Paper & Chemical ("US Paper") on October 22, 2007 pursuant to the laws of the Dominican Republic. On or about November 29, 2007, LS&CO. received a copy of US Paper's answer which indicated that a copy of US Paper's answer was sent to the Court.

5. Apparel Machinery & Supply Co. LS&CO. properly served a true copy of

its summons and notice of pre-trial conference and Third Party Complaint upon Apparel Machinery & Supply Co. ("Apparel") at Apparel's principal place of business in Philadelphia, Pennsylvania on August 29, 2007. Apparel has failed to appear, plead or otherwise defend the allegations contained in the Third Party Complaint. The Clerk of the Court certified a default against Apparel on November 30, 2007.

6. YKK Snap Fasteners America, Inc. LS&CO. properly served YKK Snap Fasteners America, Inc. ("YKK") on August 29, 2007. YKK filed and served its answer with cross-claim on October 10, 2007.

7. Southern Textile Dominicana Inc. LS&CO. properly served Southern Textile Dominicana Inc. ("Southern") on October 24, 2007 pursuant to the laws of the Dominican Republic. On or about November 29, 2007, LS&CO. received a copy of Southern's answer which indicated that a copy of Southern's answer was mailed to the Court.

8. Industria Cartonera Dominicana, S.A. (Smurfit). LS&CO. properly served a true copy of its summons and notice of pre-trial conference and Third Party Complaint upon Industria Cartonera Dominicana, S.A. (Smurfit) ("Smurfit") at Smurfit's principal place of business in Sunrise, Florida on August 29, 2007. Smurfit has failed to appear, plead or otherwise defend the allegations contained in the Third Party Complaint. The Clerk of the Court certified a default against Smurfit on November 30, 2007.

9. The Graphic Label Group Dominicana, Inc. LS&CO. properly served a true copy of its summons and notice of pre-trial conference and Third Party Complaint upon The Graphic Label Group Dominicana, Inc. ("Graphic") at Graphic's principal place of business in Oakland, California on August 29, 2007. Graphic has failed to appear, plead or otherwise defend the allegations contained in the Third Party Complaint. The Clerk of the Court certified a default

against Graphic on November 30, 2007.

      10.    Tag-It Pacific, Inc.   The Court "so ordered" a stipulation consensually dismissing the Third Party Complaint against Tag-It Pacific, Inc. on October 1, 2007.

Dated:  New York, New York
         December 4, 2007

                                                Respectfully submitted,

**HERRICK, FEINSTEIN LLP**                    **STRONGIN ROTHMAN & ABRAMS, LLP**

_____           _____
Mary Ellen Shuttleworth                            Jill S. Taylor, Esq. (JT 4731)
mshuttleworth@herrick.com                     jtaylor@sralawfirm.com
John M. August                                            50 Broadway, Suite 2003
jaugust@herrick.com                                  New York, NY 10004
2 Park Avenue                                                (212) 931-8300
New York, New York 10016                    Attorneys for Defendant
(212) 592-1469                                             YKK SNAP FASTENERS AMERICA, INC.
Attorneys for Plaintiff

| | |
|---|---|
| COOLEY GODWARD KRONISH LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Robert E. Eisenbach III (Cal. Bar No. 124896)<br>reisenbach@cooley.com<br>(415) 693-2094<br><br>-and-<br><br>_/s/ G. Plotko_<br>Gregory G. Plotko (GP 9234)<br>gplotko@cooley.com<br>Ronald R. Sussman (RS 0641)<br>rsussman@cooley.com<br>1114 Avenue of the Americas<br>New York, NY 10036-7798<br>(212) 479-6000<br><br>-and-<br><br><br>Levi Strauss & Co.<br>1155 Battery Street<br>San Francisco, CA 94111<br>Tracy M. Preston, Esq. (Cal Bar No. 154393)<br><br>Attorneys for Defendant and Third Party Plaintiff, Levi Strauss & Co. | VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.<br><br>By:_____<br>Charles Caranicas (CC 9244)<br>ccaranicas@vedderprice.com<br>1633 Broadway, 47th Floor<br>New York, New York 10019<br>(212) 407-7700<br><br>Michael M. Eidelman, Esq.<br>Randall M. Lending, Esq.<br>222 North LaSalle Street<br>Chicago, Illinois 60601<br>(312) 609-7500<br><br>Attorneys for Third Party Defendant QST Dominicana LLC |

| | |
|---|---|
| **COOLEY GODWARD KRONISH LLP**<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Robert E. Eisenbach III (Cal. Bar No. 124896)<br>reisenbach@cooley.com<br>(415) 693-2094<br><br>-and-<br><br>_____<br>Gregory G. Plotko (GP 9234)<br>gplotko@cooley.com<br>Ronald R. Sussman (RS 0641)<br>rsussman@cooley.com<br>1114 Avenue of the Americas<br>New York, NY 10036-7798<br>(212) 479-6000<br><br>-and-<br><br>Levi Strauss & Co.<br>1155 Battery Street<br>San Francisco, CA 94111<br>Tracy M. Preston, Esq. (Cal Bar No. 154393)<br><br>Attorneys for Defendant and Third Party Plaintiff, Levi Strauss & Co. | **VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.**<br><br>By: _/s/ Charles Caranicas_<br>Charles Caranicas (CC 9244)<br>ccaranicas@vedderprice.com<br>1633 Broadway, 47th Floor<br>New York, New York 10019<br>(212) 407-7700<br><br>Michael M. Eidelman, Esq.<br>Randall M. Lending, Esq.<br>222 North LaSalle Street<br>Chicago, Illinois 60601<br>(312) 609-7500<br><br>Attorneys for Third Party Defendant QST Dominicana LLC |