UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
BANCO POPULAR DOMINICANO, C. PORA.,                    Docket: 07 Civ. 6443
                                                       (LTS) (THK)
                Plaintiff and
                Counter-Claim Defendant,

      -against-                                  **AMENDED ANSWER TO**
                                                       **THIRD PARTY COMPLAINT**
                                                       **WITH CROSS-CLAIM**
LEVI STRAUSS & Co.,                                    **AND COUNTERCLAIM**

                Defendant and
                Third-Party Plaintiff,

      -against-

INTERAMERICANA APPAREL COMPANY, Inc.;
INTERAMERICANA PRODUCTS INTERNATIONAL,
S.A.; QST DOMINICANA LLC; US PAPER & CHEMICAL;
APPAREL MACHINERY & SUPPLY CO.; YKK SNAP
FASTENERS AMERICA, INC.; SOUTHERN TEXTILE
DOMINICANA INC., INDUSTRIA CARTONERA
DOMINICANA, S.A. SMURFIT); THE GRAPHIC
LABEL GROUP DOMINICANA, INC.; AND TAG-IT
PACIFIC, INC.,

                Third-Party Defendants.
-------------------------------------------------------------------------x

      Third-Party Defendant PRECISION CUSTOM COATINGS, LLC, appearing for and on behalf of, and as the assignee of SOUTHERN TEXTILE DOMINICANA, INC. ("PRECISION"), by and through its attorneys, Salon Marrow Dyckman Newman & Broudy, LLP, answers the Third-Party Complaint, as follows:

      1.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Third-Party Complaint.

2. Denies the allegations contained in Paragraph "2" of the Third-Party Complaint, except to admit that INTERAMERICANA APPAREL COMPANY, INC. is a corporation organized and existing under the laws of the Dominican Republic.

3. Denies the allegations contained in Paragraph "3" of the Third-Party Complaint, except to admit that INTERAMERICANA PRODUCTS INTERNATIONAL, S.A. is a corporation organized and existing under the laws of the Dominican Republic.

4. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Third-Party Complaint.

5. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Third-Party Complaint.

6. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Third-Party Complaint.

7. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Third-Party Complaint.

8. Denies the allegations contained in Paragraph "8" of the Third-Party Complaint, except to admit that SOUTHERN TEXTILE DOMINICANA, INC. ("Southern") is a corporation organized and existing under the laws of the Dominican Republic.

9. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Third-Party Complaint

10. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Third-Party Complaint.

11. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Third-Party Complaint.

12. Third-Party Defendant PRECISION neither admits, nor denies the allegations contained in Paragraph "12" of the Complaint, as they contain a legal conclusion, but instead refers all questions of law to the Court at the trial of this action.

13. Denies the allegations contained in Paragraph "13" of the Third-Party Complaint.

14. Third-Party Defendant PRECISION neither admits, nor denies the allegations contained in Paragraph "14" of the Complaint, as they contain a legal conclusion, but instead refers all questions of law to the Court at the trial of this action.

15. Denies any knowledge or information sufficient to form a belief as to the specific amount Third-Party Plaintiff claims it owes Interamericana in Paragraph "15" of the Third-Party Complaint, but admits that Third-Party Plaintiff owed Interamericana at least $2,325,132.27.

16. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Third-Party Complaint.

17. Denies each and every allegation contained in Paragraph "17" of the Third-Party Complaint, except to admit that Southern commenced a proceeding in the Dominican Republic against INTERAMERICANA to recover money that INTERAMERICANA owed and still owes and obtained an award and payment embargo – which it served upon Third-Party Plaintiff.

18. Third-Party Defendant PRECISION neither admits, nor denies the allegations contained in Paragraph "18" of the Complaint, as they contain a legal conclusion, but instead refers all questions of law to the Court at the trial of this action.

19. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Third-Party Complaint.

20. Denies each and every allegation contained in Paragraph "20" of the Third-Party Complaint, except to admit that an action was commenced in this District.

21. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Third-Party Complaint.

22. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Third-Party Complaint.

23. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Third-Party Complaint.

24. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Third-Party Complaint.

**THIRD-PARTY DEFENDANT PRECISION, AS AND FOR A CROSS-CLAIM AGAINST THIRD-PARTY CO-DEFENDANTS AND PLAINTIFF, AND A COUNTERCLAIM AGAINST THRD-PARTY PLAINTIFF, ALLEGES AS FOLLOWS:**

25. PRECISION and Southern entered into a series of sales agreements – whereby they sold goods to Interamericana.

26. Pursuant to said agreements, PRECISION and Southern shipped goods to Interamericana.

27. The goods were received by Interamericana, and Interamericana never objected to the goods.

28. PRECISION and Southern invoiced Interamericana for their respective goods that they shipped to and which were received by Interamericana.

29. The total amount due PRECISION and Southern from Interamericana is $66,300.66.

30. Southern, on behalf of Southern, and PRECISION commenced a proceeding in the Dominican Republic – which resulted in an award against INTERAMICANA and an "embargo" in the amount of $66,300.61.

31. The embargo created a lien on the monies that Third-Party Plaintiff owes to Interamericana and has deposited into this Court.

32. The lien created by the embargo is superior and first in priority to all other claims and alleged liens held by Third-Party Co-Defendants and Plaintiff.

32. Interamericana has failed to satisfy the award.

32. Despite service of the embargo upon Third-Party Plaintiff, it has failed to satisfy the award, or pay the monies due and owing under the award and embargo that Southern obtained.

33. Southern has assigned all of its rights in the award and embargo to PRECISION.

34. PRECISION has an absolute right to be paid the award and obtain a satisfaction of the lien in the amount of $66,300.61 out of the monies that Third-Party Plaintiff has and/or will in the future deposit into Court.

35. PRECISION has incurred attorney's fees and costs in its efforts to recover the monies it is owed.

WHEREFORE, Third-Party Defendant PRECISION, appearing for and on behalf of, and as the assignee of SOUTHERN TEXTILE DOMINICANA, INC., demands judgment in its favor on the Third-Party Complaint, and further based upon the award against Interamericana and embargo, prays for a Judgment declaring that PRECISION has a first priority lien on Third-Party Plaintiff's accounts payable to Interamericana, specifically including the monies that Third-Party Plaintiff deposits into Court to secure the payment of such accounts payable, and ordering that Precision's claim of $66,301.66 be satisfied by and through the monies Third-Party Plaintiff deposits into the Court, together with such other and further relief as the Court deems just and reasonable.

DATED:   New York, New York
         December 21, 2007

                                                                                    SALON MARROW DYCKMAN
                                                                                    NEWMAN & BROUDY LLP

                                                                                    By: _____
                                                                                      Daniel I. Goldberg (DG 5745)
                                                                       Attorneys for Third-Party Defendant
                                                                       PRECISION CUSTOM COATINGS, as the assignee of
                                                                       SOUTHERN TEXTILE
                                                                         DOMINICANA, INC.
                                                                       292 Madison Avenue
                                                                       New York, New York 10017
                                                                       (212) 661-7100 (telephone)
                                                                       (212) 661-3339 (facsimile)
                                                                       Email: dgoldberg@salonmarrow.com

TO:   MARY ELLEN SHUTTELWORTH, ESQ.
       HERRICK & FEINSTEIN, LLP
       Attorney for Plaintiff
       Two Park Avenue
       New York, NY 10016

GREGORY PLOTKO, ESQ.
COOLEY, GODWARD & KRONISH, LLP
Attorneys for Defendant/Third-Party Plaintiff
114 Avenue of the Americas
New York, NY 10036

HOWARD F. STRONGIN, ESQ.
STRONGIN, ROTHMAN & ABRAMS, LLP
Attorneys for Third-Party Defendant YKK SNAP FASTENERS
50 Broadway, Suite 2003
New York, NY 10004

CHARLES CARANICAS, ESQ.
VEDDER, PRICE KAUFMAN & KAUFMAN
Attorneys for Third-Party Defendant QST Dominicana LLC
1633 Broadway, 47th Floor
New York, NY 10019