UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANCO POPULAR DOMINICANO, C. Por A.<br><br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>LEVI STRAUSS & CO.,<br><br>    Defendant and Third Party Plaintiff,<br><br>vs.<br><br>INTERAMERICANA APPAREL COMPANY, INC.; INTERAMERICANA PRODUCTS INTERNATIONAL, S.A.; QST DOMINICANA LLC; US PAPER & CHEMICAL; APPAREL MACHINERY & SUPPLY CO.; YKK SNAP FASTENERS AMERICA, INC.; SOUTHERN TEXTILE DOMINICANA, INC; INDUSTRIA CARTONERA DOMINICANA, S.A. (Smurfit); THE GRAPHIC LABEL GROUP DOMINICANA, INC.; and TAG-IT PACIFIC, INC.,<br><br>    Third-Party Defendants. | 07 Civ. 6443 (LTS)(THK)<br><br><u>ANSWER, DEFENSES AND CROSS CLAIM OF THIRD PARTY DEFENDANT QST DOMINICANA LLC TO DEFENDANT'S THIRD PARTY COMPLAINT</u> |

    Third Party Defendant QST Dominicana LLC ("QST"), by its attorneys, Vedder Price, P.C., hereby files its Answer and defenses to the third party complaint ("Third Party Complaint") of defendant and third party plaintiff Levi Strauss & Co. ("Levis"), and states as follows:

<u>ANSWER</u>

    1.    Upon information and belief, QST admits the allegations contained in paragraph 1 of Levis' Third Party Complaint.

    2.    Upon information and belief, QST admits the allegations contained in paragraph 2 of Levis' Third Party Complaint.

1

3. Upon information and belief, QST admits the allegations contained in paragraph 3 of Levis' Third Party Complaint.

4. QST denies the allegations contained in paragraph 4 of Levis' Third Party Complaint. Further answering, QST states that it is a corporation organized and existing under the laws of the State of Delaware and whose main office is at 525 Monroe Street, Suite 1400, Chicago, Illinois 60661.

5. Upon information and belief, QST admits the allegations contained in paragraph 5 of Levis' Third Party Complaint.

6. QST has insufficient knowledge or information to form a belief as to the allegations contained in paragraph 6 of Levis' Third Party Complaint.

7. Upon information and belief, QST denies the allegations contained in paragraph 7 of Levis' Third Party Complaint.

8. Upon information and belief, QST admits the allegations contained in paragraph 8 of Levis' Third Party Complaint.

9. QST has insufficient knowledge or information to form a belief as to the allegations contained in paragraph 9 of Levis' Third Party Complaint.

10. QST has insufficient knowledge or information to form a belief as to the allegations contained in paragraph 10 of Levis' Third Party Complaint.

11. Upon information and belief, QST admits the allegations contained in paragraph 11 of Levis' Third Party Complaint.

**Jurisdiction and Venue**

12. The allegations in paragraph 12 of the Third Party Complaint contain a legal conclusion to which no response is required. To the extent facts are alleged therein, QST denies same.

13. The allegations in paragraph 13 of the Third Party Complaint contain a legal conclusion to which no response is required. To the extent facts are alleged therein, QST denies same, except admits that it is subject to personal jurisdiction in this district.

**Nature of the Action**

14. The allegations in paragraph 14 of the Third Party Complaint contain a legal conclusion to which no response is required. To the extent facts are alleged therein, QST denies same.

15. QST lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 15 of the Third Party Complaint.

16. QST lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16 of the Third Party Complaint.

17. QST admits that it sent a Payment Embargo to Levi on or about February 13, 2007. QST lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 17 of the Third Party Complaint.

18. The allegations in paragraph 18 of the Third Party Complaint contain a legal conclusion to which no response is required. To the extent facts are alleged therein, QST admits same.

19. QST lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 19 of the Third Party Complaint.

20. QST lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 20 of the Third Party Complaint, except admits that Plaintiff filed its complaint in this district naming Levi's as the only defendant..

21. QST lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 21 of the Third Party Complaint.

22. QST lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 22 of the Third Party Complaint.

23. Upon information and belief, QST believes that Levi's has deposited the sum of $2,325,132.27 (the "Stake") with the clerk of this court. QST lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 23 of the Third Party Complaint.

24. QST lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 24 of the Third Party Complaint.

### DEFENSES

QST's claim to the Stake supercedes and is superior to those of all other parties to this lawsuit.

### COUNTERCLAIM AND CROSS CLAIM

Cross claimant QST Dominicana LLC ("QST"), by its attorneys, Vedder Price, P.C., for this cross claim complaint against plaintiff and against third party defendants and for its counterclaim against third party plaintiff Levi Strauss & Co. ("Levis"), alleges as follows:

**Nature of the Action**

1. On or about February 13, 2007, QST obtained from the Courts of the Dominican Republic, and served on Levis, a Payment Embargo for $931,496.64, for moneys owed by Interamericana Apparel Company, Inc. ("Interamericana") to QST pursuant to 237 separate and duly submitted invoices for services rendered.[1]

2. Pursuant to the terms of the Payment Embargo, Levis was required to retain that amount from the funds allocated to be paid to Interamericana's other creditors, pending a decision on the merits of QST's claim to said funds.

3. On October 1, 2007, the Second Court of the Civil and Commercial Chamber of the First Instance in the Legal District of Santiago (Dominican Republic) issued an Order and Judgment ("DR Judgment") directing Interamericana to pay the funds held pursuant the Payment Embargo—$931,496.64—to QST, with 1% monthly interest from the date of the claim along with costs (a copy of the DR Judgment, Spanish original, is attached hereto as Exhibit A. A copy of a certified English translation of the DR Judgment is attached hereto as Exhibit B).

4. Under the principles of comity, and under New York statutory law—CPLR, Article 53—this Court must recognize, honor and enforce the DR Judgment irrespective of any other claims against Interamericana or Levis in this lawsuit.

WHEREFORE, pursuant to the DR Judgment, QST Dominicana LLC prays for a judgment from this Court in its favor for $931,496.64, plus 1% monthly interest from the date of

---

[1] A "Payment Embargo" is essentially the equivalent of a lien. It precludes Levis from paying the earmarked funds to other creditors of Interamericana.

the claim along with costs and reasonable attorneys fees, and for such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: New York, New York<br>January 29, 2008 | Respectfully submitted,<br><br>**VEDDER PRICE P.C.**<br><br>By: _____<br>Charles Caranicas (CC 9244) |
| Michael M. Eidelman, Esq.<br>Randy M. Lending, Esq.<br>VEDDER PRICE, P.C.<br>222 North LaSalle Street<br>Chicago, Illinois 60601<br>(312) 609-7500 | 1633 Broadway, 47th Floor<br>New York, New York 10019<br>(212) 407-7700<br><br>Attorneys for Third Party Defendant<br>*QST Dominicana LLC* |

6