HERRICK, FEINSTEIN LLP  
2 Park Avenue  
New York, New York 10016  
(212) 592-1400  
Attorneys for Plaintiff

**Document Electronically Filed**

IN THE UNITED STATES DISTRICT COURT  
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BANCO POPULAR DOMINICANO, C. POR A.,

  Plaintiff and  
  Counter-Claim Defendant,

 vs.

LEVI STRAUSS & CO.,

  Defendant and  
  Third Party Plaintiff,

 vs.

Interamericana Apparel Company, Inc.; Interamericana Products International, S.A.; QST Dominicana LLC; US Paper & Chemical; Apparel Machinery & Supply Co.; QST Snap Fasteners America, Inc.; Southern Textile Dominicana, Inc.; Industria Cartonera Dominicana, S.A. (Smurfit); The Graphic Label Group Dominicana, Inc.; and Tag-It Pacific, Inc.,

  Third Party Defendants.

---

NO. 07 Civ. 6443 (LTS) (THK)

**PLAINTIFF/COUNTER-CLAIM DEFENDANT BANCO POPULAR DOMINICANO, C. POR A.'S ANSWER TO CROSS-CLAIM OF THIRD PARTY DEFENDANT QST DOMINICANA LLC**

  Plaintiff/Counter-claim Defendant Banco Popular Dominicano, C. Por A. ("Banco Popular"), individually and as bank agent, collateral agent and/or administrative agent for certain financial institutions (collectively with Banco Popular, the "Secured Parties"), under a certain Security Agreement between Banco Popular and Interbojos, Ltd.; Interamericana Apparel Company, Inc.; Interamericana Products International (Panama), S.A.; J.B.S., S.A.; Juan Bojos,

C. por A.; Bojos Leather, Ltd.; and Bojos Manufacturing Ltd., (collectively, the "Borrowers"), by its attorneys, Herrick, Feinstein LLP, as and for its Answer to the Cross-Claim of Third Party Defendant QST Dominicana LLC ("QST"), responds as follows:

### As to Nature of the Action

1. Banco Popular denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the cross-claim, and respectfully directs the Court to the referenced Payment Embargo for its true content and meaning.

2. The allegations contained in paragraph "2" are legal conclusions to which no response is required. To the extent a response is required, Banco Popular denies the allegations contained in paragraph "2" of the cross-claim, and respectfully directs the Court to the referenced Payment Embargo for its true content and meaning.

3. The allegations contained in paragraph "3" are legal conclusions to which no response is required. To the extent a response is required, Banco Popular neither admits nor denies the allegations contained in paragraph "3" of the cross-claim, and respectfully directs the Court to the referenced judgment for its true content and meaning.

4. The allegations contained in paragraph "4" are legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 4 are denied.

### SEPARATE DEFENSES

Banco Popular, as and for its defenses to the allegations of the cross-claim, states as follows:

### FIRST SEPARATE DEFENSE

The cross-claim fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Banco Popular's duly perfected security interest in the Borrowers' accounts receivables is superior to the rights of any other person or entity.

## THIRD SEPARATE DEFENSE

The judgment does not foreclose Banco Popular's interests in the Receivable and did not determine Banco Popular's rights in the Receivable.

## FOURTH SEPARATE DEFENSE

Banco Popular did not receive notice of the Payment Embargo.

## FIFTH SEPARATE DEFENSE

Banco Popular was not notified of, and was not a party to, the proceedings brought by QST to enforce the Payment Embargo in the Dominican Republic.

## SIXTH SEPARATE DEFENSE

The Dominican Republic court did not have personal jurisdiction over LS&CO in connection with the proceedings brought by QST to enforce the Payment Embargo.

WHEREFORE, Banco Popular respectfully requests that this Court enter judgment (i) dismissing the cross-claim with prejudice; (ii) granting the relief requested in the Complaint; (iii) holding any money deposited into the Court's registry as security for any judgment awarded to Banco Popular; and (iv) for such other relief as the Court may deem just and proper.

Dated: New York, New York
February 20, 2008

        Respectfully submitted,

        HERRICK, FEINSTEIN LLP

        /s/
        Mary Ellen Shuttleworth
        2 Park Avenue
        New York, New York 10016
        Attorneys for Plaintiff
        mshuttleworth@herrick.com